**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| CRYSTAL DAWN MUSE MINNIX, CARLTON ROY MINNIX, JR., LINDA DARLENE MUSE EUGENE ALLEN MUSE, JR. ZACHARY TYLER MUSE N.J. MINNIX, a minor male, BY NEXT FRIEND CRYSTAL MINNIX, C.T. MINNIX, a minor male, BY NEXT FRIEND CRYSTAL MINNIX, C.R. MINNIX, a minor male BY NEXT FRIEND CRYSTAL MINNIX, T.A. MINNIX, a minor male, BY NEXT FRIEND CRYSTAL MINNIX, G.J. MINNIX, a minor male BY NEXT FRIEND CRYSTAL MINNIX, N.L.W. MINNIX, a minor male BY NEXT FRIEND CRYSTAL MINNIX, A.R.M. MINNIX, a minor female BY NEXT FRIEND CRYSTAL MINNIX, CRYSTAL DAWN MINNIX, INDEPENDENT CONSULTANT FOR SCENTSY and GOLDENS PROMISE, | Case No. ___723cv00091___ |
| Plaintiffs, | |
| v. | |
| SINCLAIR TELEVISION GROUP, INC., SINCLAIR BROADCAST GROUP, INC., ACC LICENSEE, LLC, DEVIN DWYER, ELIZABETH THOMAS, JACQUELINE YOO, BRIDGETTE CRAIGHEAD, and BLACK LIVES MATTER FRANKLIN CO., | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants Sinclair Television Group, Inc., Sinclair Broadcast Group, Inc., ACC Licensee, LLC, Devin Dwyer, Elizabeth Thomas, and Jacqueline Yoo (collectively, "Diverse Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, remove this action from the Circuit Court of the County

of Franklin to the United States District Court for the Western District of Virginia, Roanoke Division, on the grounds that there is jurisdiction under 28 U.S.C. § 1332(a).

## I.        PROCEDURAL BACKGROUND

1.        On December 30, 2022, Plaintiffs Crystal Dawn Muse Minnix, Carlton Roy Minnix Jr., Linda Darlene Muse, Eugene Allen Muse, Jr., Zachary Tyler Muse, N.J. Minnix, C.T. Minnix, C.R. Minnix, T.A. Minnix, G.J. Minnix, N.L.W. Minnix, A.R.M. Minnix, Crystal Dawn Minnix Independent Consultant for Scentsy, and Goldens Promise ("Plaintiffs"), through their counsel, filed the case captioned *Crystal Dawn Muse Minnix et al. v. Sinclair Television Group, Inc. et al.* Case No. CL22-5029 in the Circuit Court for the County of Franklin, Virginia.

2.        This action arises from a news story, "Cops' role in Jan. 6 attack divides Virginia town with ties to Confederacy", that was published online a year after the attack.[1]  Compl. ¶ 1. The story discusses the general reactions of people in Rocky Mount to the January 6 riots and the involvement of two town police officers, in light of the passage of a year's time.  *Id.*

3.        One of the persons interviewed is Defendant Bridgette Craighead, a Black Lives Matter activist.  *Id.* ¶¶ 26-27.  Excerpts of her comments are shown several times in the story, along with excerpts of five other persons who are interviewed.  *See* ABC Report.[2]  Plaintiffs take issue with only one statement made by Ms. Craighead.  Compl. ¶¶ 31-32.

4.        The segment opens with a scene from the January 6 riots, explaining that the insurrection had its roots in towns like Rocky Mount, Virginia.  ABC Report at 0:00-0:41.  The story describes Rocky Mount as a town where "moonshine and blue grass are king, and symbols

---

[1] The story is available on ABC News' online platform at https://abcnews.go.com/Politics/cops-role-jan-attack-divides-virginia-town-ties/story?id=81860602 (hereinafter referred to as "ABC Report").

[2] When assessing a claim of fraudulent joinder, courts "not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *Aids Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (citation and internal quotation marks omitted).

of Donald Trump and the Confederacy are immortal." *Id*. 0:44-0:49.  A clip of Craighead

immediately follows, in which she says "we just accept it and we just take it for what it is.  **It's**

**their land and their county and we just live in it**." *Id*. 0:50-0:56.  Plaintiffs take issue with the

bolded statement.  Compl.  ¶¶ 31-32.

5.      The reporter next explains "Rocky Mount is predominantly white and politically

conservative."  ABC Report at 0:57-1:01.  During that voiceover, Plaintiffs' home is shown painted

in the stripes and stars of the American flag ("Red, White, and Blue").  *Id*.  ¶ 33.  Plaintiffs allege

that one of the Plaintiffs, a minor child, can be seen in the clip standing in front of his house.

Compl.  ¶ 34.

6.      The Plaintiffs consist of twelve individuals, including five adults and seven minors,

all of whom allegedly live in the house briefly depicted in the story.  *Id*. ¶¶ 13-17.  They also

consist of two businesses allegedly operated by Plaintiff Crystal Minnix.  *Id*. ¶ 18.  Plaintiffs allege

that, by featuring their home in the online news segment, Defendants are liable for defamation *per*

*se*, assault, child endangerment, and negligence.  *Id*. ¶¶ 51-79.

7.      Defendant Sinclair Television Group, Inc. was served with the Summons and

Complaint on January 13, 2023.  Ex. B.  Another copy of the Complaint alone was served on

Defendant Sinclair Television Group, Inc. on January 31. Ex. C.  Defendant ACC Licensee, LLC

was served with a copy of the Complaint alone on January 31 (Ex. D) and Defendant Sinclair

Broadcast Group, Inc. was served with a copy of the Complaint alone on February 1, 2023.  Ex.

E. On February 2, 2023, counsel formally accepted service on behalf of Defendants ACC

Licensee, LLC and Sinclair Broadcast Group, Inc. without any further summons or service of

process.  Defendants Dwyer, Thomas, and Yoo were served on February 8, 2023.  Counsel

formally accepted service on their behalf on that date without any summons or service of

process.  This Notice of Removal is thus timely under 28 U.S.C. § 1446(b)(1), which allows for removal within 30 days of service of a state complaint.

## II.   THE PARTIES

8.     Plaintiffs allege that they are Virginia residents. Compl. ¶¶ 11-18.

9.     The Complaint alleges that Defendant Bridgette Craighead and Defendant Black Lives Matter Franklin County are Virginia residents (Compl. ¶ 28), but is silent as to the domicile of the other defendants.  To the extent the Complaint's caption may imply that some of the other Defendants are also citizens of Virginia, that is incorrect.

10.    On the date that the state court Complaint was filed, and on the date of this Notice of Removal, Defendants Sinclair Television Group, Inc. and Sinclair Broadcast Group, Inc. are Maryland corporations with their principal place of business, which are their nerve centers, in Maryland.  Ex. F (Declaration of David Bochenek) ¶¶ 3-4.  These Defendants are citizens of Maryland.

11.    On the date that the state court Complaint was filed, and on the date of this Notice of Removal, Sinclair Television Stations, LLC is the sole member of Defendant ACC Licensee, LLC.  Sinclair Television Stations, LLC is incorporated in Maryland and has its principle place of business in Maryland.  Perpetual Corporation is the sole member of Sinclair Television Stations. LLC.  Perpetual Corporation is incorporated in Delaware and has its principle place of business, which is its nerve center, in Maryland.  *Id.* ¶¶ 5-6.  Defendant ACC Licensee, Inc. is a citizen of Delaware and Maryland.

12.    On the date that the state court Complaint was filed, and on the date of this Notice of Removal, Defendants Devin Dwyer and Jacqueline Yoo are both domiciled in the District of Columbia.  Elizabeth Thomas is domiciled in Maryland.  Ex. G (Declaration of Devin Dwyer) ¶ 3; Ex. H (Declaration of Elizabeth Jacqueline Yoo) ¶ 3; Ex. I (Declaration of Elizabeth Thomas)

¶ 3.  Defendants Dwyer and Yoo are citizens of the District of Columbia and Defendant Thomas is a citizen of Maryland.

13.     On the date that the state court Complaint was filed, and on the date of this Notice of Removal, Defendant Craighead is a citizen of Virginia.  Compl. ¶ 28.  The Complaint alleges that Ms. Craighead is the founder and director of Defendant Black Lives Matter Franklin County ("BLMFC").  *Id*.  ¶ 27.  The Complaint also alleges that BLMFC's principal place of business is Craighead's Virginia residence.  *Id*. ¶ 28.

14.     Defendants Craighead and BLMFC are the only non-diverse defendants.  However, their citizenship should not be considered for jurisdictional purposes because they have been fraudulently joined in this suit.

### III.     FRAUDULENT JOINDER

15.     The fraudulent joinder doctrine is an exception to the requirement that diversity jurisdiction requires complete diversity.  *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999).  Under this doctrine, a federal court may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction."  *Id*.  The doctrine thus allows courts to consider only the "real parties to the controversy" when determining whether diversity of citizenship exists.  *See 17th St. Assocs., LLP v. Markel Int'l Ins. Co*., 373 F. Supp. 2d 584, 595 (E.D. Va. 2005) (citation omitted).

16.     To establish fraudulent joinder, the removing party must demonstrate "either that the plaintiff committed outright fraud in pleading jurisdictional facts, or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."  *Blackwood v. Berry, Dunn, McNeil & Parker, LLC,* 828 F. App'x 174, 175 (4th Cir. 2020) (citation and internal quotation marks omitted).

17.     The "no possibility" standard is "not to be applied rigidly." *Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11-CV-00062, 2012 WL 204288, at *4 (W.D. Va. Jan. 24, 2012).  Instead, the court should ascertain "whether there is a reasonable basis for predicting liability based on the claims alleged." *Id*. (citation and internal quotation marks omitted).

18.     With respect to Ms. Craighead, Plaintiffs allege that her statement "it's their land and their county and we just live in it" is "a clear reference that white people control the land." Compl. ¶ 32.  Plaintiffs further allege in making that statement Ms. Craighead implies that Plaintiffs are insurrectionists who participated in January 6 riot, are supporters of the Confederacy, Donald Trump and racists.  *Id*.  ¶¶ 33-42.  Here, there is no possibility that Plaintiffs will be able to establish a claim against Ms. Craighead or BLMFC for defamation, assault, endangerment, or negligence.  Accordingly, the Court can disregard the citizenship of Ms. Craighead and BLMFC and exercise diversity jurisdiction over this action.[3]

A.     **Defamation *Per Se***

19.     To prevail on a claim of defamation against Craighead and BLMFC, Plaintiffs must be able to show "(1) publication of (2) an actionable statement with (3) the requisite intent." *Jordan v. Kollman*, 269 Va. 569, 575, , 612 S.E.2d 203, 206  (2005).  There is no possibility that Plaintiffs will be able to establish either the second or third element.

20.     "To be actionable, the statement must be both false and defamatory." *Id*.  Only a statement of fact can be true or false.  Statements of opinion, therefore, "are not actionable as defamation because such statements cannot be shown to be false."  *Gov't Micro Res., Inc. v. Jackson*, 271 Va. 29, 40, 624 S.E.2d 63, 69 (2006).  This is also true for actions for defamation

---

[3] While the Complaint cannot support a claim against any Defendant, the only issue relevant to removal is the fraudulent joinder of the non-diverse defendants.  The merits of the Complaint with respect to the remaining Defendants will be addressed in subsequent motion practice.

*per se.  Owen v. Liberty Univ.*, No. 6:19-CV-00007, 2020 WL 1856798, at *11 (W.D. Va. Apr. 13, 2020), *aff'd*, No. 20-1596, 2022 WL 127894 (4th Cir. Jan. 13, 2022).  Whether a statement is one of fact or opinion is a question of law.  *Id*.

21.    In addition to falsity, an actionable statement must also "have the requisite defamatory 'sting' to one's reputation."  *Schaecher v. Bouffault*, 290 Va. 83, 92, 772 S.E.2d 589, 594 (2015).  This "sting" is one that "tends to injure one's reputation in the common estimation of mankind, to throw contumely, shame, or disgrace upon him, or which tends to hold him up to scorn, ridicule, or contempt, or which is calculated to render him infamous, odious, or ridiculous." *Id*. (citation and internal quotation marks omitted).

22.    The final element of a defamation claim, intent, requires a showing that "the defendant either knew [the statement] to be false, or believing it to be true, lacked reasonable grounds for such belief, or acted negligently in failing to ascertain the facts on which the publication was based."  *Gazette, Inc. v. Harris*, 229 Va. 1, 15, 325 S.E.2d 713, 725 (1985).

**1.    Ms. Craighead's Statement is Not of and Concerning the Plaintiffs**

23.     A threshold matter in any defamation case, therefore, is whether the allegedly defamatory statement is "of and concerning" the plaintiff.  *Schaecher*, 290 Va. at 99–100, 772 S.E.2d at 598; *see also AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1005 (4th Cir. 1990).  A statement "concerns" the plaintiff where it contains "special application of the defamatory matter to the individual," and where "circumstances of the publication [must] reasonably give rise to the conclusion that there is a particular reference to the individual [or entity]."  *Id*. at 1005 (citation and internal quotation marks omitted omitted).

24.    Ms. Craighead's statements do not, either explicitly or implicitly, reference Plaintiffs, their home, or any specific persons at all.  As the Complaint implicitly acknowledges, her statement refers *generally* to Rocky Mount's majority white population.  *See supra* ¶ 4.  A

reference to a group of thousands of people is not of and concerning any specific individuals.[4] Plaintiffs therefore cannot sustain their claim for defamation against Ms. Craighead. *See, e.g.*, *Lokhova v. Halper*, 441 F. Supp. 3d 238, 262 (E.D. Va. 2020), *aff'd*, 995 F.3d 134 (4th Cir. 2021) (dismissing case where the statement does not "relate to" Plaintiff); *Virginia Citizens Def. League v. Couric*, No. 3:16-CV-00757-JAG, 2017 WL 2364198, at *6 n.9 (E.D. Va. May 31, 2017), *aff'd*, 910 F.3d 780 (4th Cir. 2018) (dismissing defamation claim, in relevant part, because the statement "was not really about [Defendant]").

## 2. Ms. Craighead's Statement is not Defamatory *Per Se*

25.     Even if Ms. Craighead's statement could somehow be construed to be about Plaintiffs, it is not actionable as defamation *per se*, the only tort of defamation alleged.

26.     Under Virginia law, only certain types of statements are actionable as defamation *per se*: statements that (1) impute guilt of a crime of moral turpitude; (2) impute unfitness to perform the duties of employment or lack of integrity in employment; or (3) prejudice a person in her profession or trade. *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 713, 636 S.E.2d 447, 449-50 (2006). The first category of statements is the only one at issue here. Compl. ¶ 51. Whether a statement is defamatory *per se* is a question of law. *Virginia Citizens Defense League v. Couric*, 910 F.3d 780, 784 (4th Cir. 2018) (citation omitted).

27.      Plaintiffs allege that "Defendants collectively imply" that Plaintiffs were "co-conspirators" of the January 6 riots, are "treasonous against their country and state," that they "conspire[ed] to incite one race to engage in insurrection against another raise" in violation of Virginia Code Section 18.2-485, and that they "committed child endangerment, child neglect and child abuse." Compl. ¶¶ 52, 54, 56, 58.

---

[4] Plaintiffs are not even members of that group. They reside in Boones Mill, not Rocky Mount. Compl. ¶ 4.

28.     The only statement attributed to Ms. Craighead is "[i]t's their land and their country and we just live in it."  Compl. ¶ 32.  Ms. Craighead's general statement about living in Rocky Mount does not refer to January 6, treason, or any particular incident at all, let alone any crime. Her statement has not thing to with Plaintiffs or their home, but even if it did it does not suggest that Plaintiffs were guilty of any crime, let alone one of "of moral turpitude."  The reporter's words accompanying the image of Plaintiffs' home merely say "Rocky Mount is predominantly white and politically conservative".   ABC Report at 0:57-1:01.  Plaintiffs do not allege they are not white nor politically conservative, but in any event it is neither a crime, nor is it defamatory at all (let alone *per se*) to be white or politically conservative.  Because Ms. Craighead's statement is not reasonably capable of being defamatory *per se*, there is thus no "reasonable basis" for predicting that Plaintiffs could prevail on their defamation against to Ms. Craighead.  *See, e.g.*, *Lokhova*, 995 F.3d at 146 (dismissing defamation claim where the allegedly defamatory statement "says nothing about Appellant, let alone anything defamatory.").

### 3.     Ms. Craighead's Statement is Classic Non-Actionable Rhetorical Hyperbole and Opinion

29.     Plaintiffs also do not have any possibility of prevailing on their defamation claim against Craighead because her statement constitutes nonactionable opinion and rhetorical hyperbole.

30.     "The First Amendment . . .  provides protection for statements that cannot 'reasonably [be] interpreted as stating actual facts' about an individual,'" a "safeguard [that] includes protection for 'rhetorical hyperbole, a vigorous epithet' and 'loose, figurative, or hyperbolic language.'"  *CACI Premier Tech., Inc. v. Rhodes*, 536 F.3d 280, 293 (4th Cir. 2008) (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 17, 20 (1990)).  Whether a statement constitutes rhetorical hyperbole is a question of law.  *Id.*

31.     Ms. Craighead's statement was obviously figurative and hyperbolic; certainly, her words cannot be reasonably construed to mean that Plaintiffs, white people, supporters of President Trump or any other person or group literally owns all the land of Rocky Mount and all Black citizens are their tenants.  Ms. Craighead did not assert "a statement of fact," but instead used "figurative language to drive home" her "point of view."  *Cashion v. Smith*, 286 Va. 327, 749 S.E.2d 526, 534 (2013).  Her statement is thus also not actionable as rhetorical hyperbole.  *Id*.

32.     Moreover, her point was protected opinion.  In deciding whether a statement is one of opinion, the court must consider the context and "tenor" of the message.  *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 509 (W.D. Va. 2019).  Craighead shared how she feels living as a Black person in the area.  Her statement was "relative in nature and depend[ed] largely upon the speaker's viewpoint," and thus an "expression of opinion" and not actionable.  *Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 132, 575 S.E.2d 858, 861 (2003).  The statement is not capable of being proven true or false; it is simply her perspective.  Where, as here, a statement "does not contain a provably false factual connotation, . . . or cannot reasonably be interpreted as stating actual facts about a person," it is a nonactionable opinion.  *Tomlin v. Int'l Bus. Machines Corp*., 84 Va. Cir. 280, 2012 WL 7850902, at *11 (2012).

### 4.     The Complaint Lacks Any Allegations as to Ms. Craighead's Intent

33.     Finally, Plaintiffs could not possibly demonstrate that Ms. Craighead acted with the requisite intent – i.e. that she intentionally or negligently made a statement of fact about Plaintiffs that was defamatory *per se*.  Indeed, the Complaint is devoid of any such allegations.  *See* Compl. ¶ 61 (alleging actual malice and reckless disregard as to Dwyer, Thomas, Yoo, ACC Licensee, LLC, WJLA-TV, Sinclair Broadcast Group, Inc., Sinclair Television Group, Inc.).  *17th Street Associates*, 373 F. Supp. 2d at 601 (concluding that the defendant had "no chance of succeeding on a claim" where the complaint failed to allege a "de facto prima facie element" of that claim).

10

34.     Finally, the only alleged connection of Defendant BLMFC is that Ms. Craighead is allegedly an officer of that organization.   Compl ¶ 27.   Plaintiffs thus have no possibility of establishing a claim for defamation *per se* against that Defendant for the same reasons.

**B.     Assault and Endangerment**

35.     Plaintiffs allege that Ms. Craighead and BLMFC are liable for assault and endangerment.  Compl ¶¶ 62-71.  This supposed liability is premised on Defendants' "purpos[eful] identif[ication]" and "deliberate[] target[ing]" of Plaintiffs' house for use in the publication at issue. *Id*. ¶ 63.

36.     In Virginia, "[t]he tort of assault consists of an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery." *Koffman v. Garnett*, 265 Va. 12, 16, 574 S.E.2d 258, 261 (2003).  The alleged conduct must involve an "unambiguous threat of imminent harm." *Clark v. Commonwealth*, 54 Va. App. 120, 139, 676 S.E.2d 332, 341 n. 8 (2009).  News reports about matters of public concern are not "assaults" simply because a plaintiff is allegedly concerned that others seeing the news might react negatively or even violently.  The Complaint contains no allegations suggesting Craighead made any threat of any kind against anyone, let alone an unambiguous threat of immediate harm to Plaintiffs.  The same reasoning applies to Plaintiffs' allegations of "child endangerment", which in any event, is not a distinct tort in Virginia.

37.     Finally, the assault claim against Ms. Craighead cannot be sustained for the same reasons the defamation claim fails.  "Regardless of the specific tort being employed, the First Amendment applies when a plaintiff seeks damages for reputational, mental, or emotional injury allegedly resulting from the defendant's speech." *Snyder v. Phelps*, 580 F.3d 206, 218 (4th Cir. 2009), *aff'd*, 562 U.S. 443 (2011).   Plaintiffs cannot attempt to cure deficiencies with their

defamation claim by repackaging the allegations as one for assault. *Food Lion, Inc. v. Cap. Cities/ABC, Inc.*, 194 F.3d 505, 522 (4th Cir. 1999).

38.    Accordingly, there is no possibility of Plaintiffs succeeding on a claim for assault or endangerment against Ms. Craighead or BLMFC.

**C.    Negligence**

39.    The Complaint also fails to allege any reasonable basis for a negligence claim against Ms. Craighead and BLMFC, for several independent reasons.

40.    "Negligence is not actionable unless there is a legal duty, a violation of the duty, and consequent damage." *Burns v. Gagnon*, 283 Va. 657, 668, 727 S.E.2d 634, 641 (2012) (citation and internal quotation marks omitted). The existence of a legal duty is a question of law. *Id* at 669, 727 S.E.2d at 642.

41.    A legal duty to protect a person from the conduct of others exists where "a special relation exists (1) between the defendant and the third person which imposes a duty upon the defendant to control the third person's conduct, or (2) between the defendant and the plaintiff which gives a right to protection to the plaintiff." *Id.* Plaintiffs do not allege any such relationship between them and Craighead, nor could they. Allegations that Defendants owe a duty of truth, a duty to investigate, and a general duty to protect children are woefully insufficient. None of these purported duties create the "special relationship" required for a negligence claim.

42.    Finally, as with assault, Plaintiffs cannot replead their defamation claim as another tort. *See supra* ¶ 37. The negligence claim against Ms. Craighead fails on this basis as well.

43.    For the foregoing reasons, there is no possibility that Plaintiffs will be able to establish a negligence claim against Ms. Craighead or BLMFC.

## IV.     FEDERAL JURISDICTION

**A.     Diversity of Citizenship**

44.     At all times relevant, Plaintiffs have been a citizen and resident of the Virginia.  The Defendants Sinclair Television Group, Inc. Sinclair Television Group, Inc., Sinclair Broadcast Group, Inc., ACC Licensee, LLC, Devin Dwyer, Elizabeth Thomas, and Jacqueline Yoo were  and are not citizens of Virginia.  For the reasons set forth above, the citizenship and residency of Craighead and BLMFC should be disregarded for jurisdictional purposes.

45.     Accordingly,  complete diversity of citizenship existed at the time of the state court filing, and at the time of this Notice of Removal, for purposes of 28 U.S.C. § 1332.

**B.     Amount in Controversy**

46.     Plaintiffs' Complaint seeks damages in the amount of $66,900,000.  Accordingly, the amount in controversy required by 28 U.S.C. 1332(a) has been met.

47.     Because there is complete diversity of citizenship between the proper parties, and because Plaintiffs allege an amount in controversy exceeding $75,000, the Court has original jurisdiction over this suit pursuant to 28 U.S.C. § 1332.  Thus, the Diverse Defendants hereby removes Plaintiffs' suit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## V.     VENUE

48.     Venue is proper in this Court because this district and division encompass the Circuit Court for the County of Franklin, Virginia, the forum from which this case has been removed.  *See* 28 U.S.C. § 1391.

## VI.     CONSENT

49.     This notice is filed with the consent of all Defendants.

## VII.    PROCEDURAL REQUIREMENTS

50.    In accordance with 28 U.S.C. § 1446(a), a copy of Plaintiffs' Complaint and all other process and pleadings filed to date are attached as Exhibits A-E.

51.    A copy of this Notice of Removal will be filed promptly with the Clerk of the Circuit Court for the County of Franklin, in accordance with 28 U.S.C. § 1446(d), along with a notice of that filing.  A copy of these documents will be served promptly on all parties with written notice of the same.

52.    No waiver and no admission of fact, law, or liability, including without limitation the amounts of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, rights and counterclaims are reserved.

FOR THE FOREGOING REASONS, the Diverse Defendants remove this action to the United States District Court for the Western District of Virginia, Roanoke Division.

Dated: February 10, 2023

DAVIS WRIGHT TREMAINE LLP

*/s/ Patrick J. Curran Jr.*
Patrick J. Curran Jr. (VSB #86144)
Nathan Siegel (*pro hac vice* application to be submitted)
1301 K St NW, Suite 500 East
Washington, DC 20005
(202) 973-4200
patcurran@dwt.com
Nathansiegel@dwt.com

Hilary Oran (*pro hac vice* application to be submitted)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
(212) 489-8230
hilaryoran@dwt.com

*Attorneys for Sinclair Television Group, Inc.*
*Sinclair Television Group, Inc., Sinclair Broadcast*
*Group, Inc., ACC Licensee, LLC, Devin Dwyer,*
*Elizabeth Thomas, and Jacqueline Yoo*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2023, I electronically filed the

foregoing Notice of Removal through the CM/ECF system and served copies of the foregoing

Notice of Removal, via e-mail and first-class mail, to the following counsel:


Lance M. Hale
Lance M. Hale & Associates
P.O. Box 1721
2615 Orange Avenue, N.E., Suite B
Roanoke, VA 24008
lmhale@halelawoffice.com

Ethan J. Koelsch
Koelsch Law, PPC
P.O. Box 2213
320 West Main Street
Salem, VA 24153
koelschlaw@gmail.com

*Counsel for Plaintiffs*

King Tower
Woods Rogers Vandeventer Black PLC
10 S. Jefferson Street, Suite 1800
Roanoke, VA 24011
king.tower@wrvblaw.com

*Counsel for Defendants Bridgette*
*Craighead and Black Lives*
*Matter Franklin County*


　　　　　　　　　　　　　　　　　　　　　*/s/ Patrick J. Curran Jr.*
　　　　　　　　　　　　　　　　　　　　　Patrick J. Curran Jr.