IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CRYSTAL MINNIX, ET AL., | ) | |
| | ) | Civil Action No. 7:23-CV-00091 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| SINCLAIR TELEVISION GROUP, | ) | |
| INC., ET AL., | ) | By: C. Kailani Memmer |
| | ) | United States Magistrate Judge |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On December 4, 2023, this matter was referred pursuant to 28 U.S.C. § 636(b)(1)(A) for the undersigned to determine the reasonable amount of attorney fees and costs to award Bridgette Craighead and Black Lives Matter Franklin County (together, the "Local Defendants") pursuant to Virginia's anti-SLAPP law, Virginia Code § 8.01-223.2. Having done so, I **RECOMMEND** that Local Defendants be awarded $6,514 in attorney fees.

I.       **Procedural History**

Plaintiffs initially filed this case on December 30, 2022, in the Circuit Court for Franklin County, alleging that the Local Defendants and Sinclair Television Group, Inc., Sinclair Broadcast Group, Inc., ACC Licensee, LLC, Devin Dwyer, Elizabeth Thomas, and Jacqueline Yoo (together, the "Media Defendants") are liable on theories of defamation *per se*, assault and endangerment, and negligence. ECF No. 1. Plaintiffs sought $62 million in compensatory damages, $4.9 million in statutory damages, plus costs, attorney fees, and injunctive relief requiring defendants to redact, delete, and destroy images of Plaintiffs' home. *Id*.

On February 10, 2023, the Media Defendants removed this action to federal court, ECF No. 1. Both sets of defendants filed a Motion to Dismiss for failure to state a claim which were

granted by Chief District Judge Urbanski on May 19, 2023, ECF No. 24. The Local Defendants were also granted attorney fees and costs pursuant to Virginia's anti-SLAPP statute, Virginia Code § 8.01-223.2. ECF No. 24. The Local Defendants were directed to submit further briefing related to fees and costs which they submitted on June 6, 2023. ECF No. 25. Plaintiffs also submitted additional briefing on this issue on June 16, 2023. ECF No. 26.

In support of their request for attorney fees, Local Defendants submitted a short brief arguing that "the substantial factual allegations in the Complaint and the complexity of the issues that were addressed in the defense of the matter" support the "reasonable attorney fees" of $35,554.40. ECF No. 25. Local Defendants attached an affidavit from King F. Tower, counsel in this case, along with billing charts which list the timekeeper, a brief description of the work performed, the amount of time expended, and the date on which the work was performed. *Id.*, Ex. 1, A. Plaintiffs responded to Local Defendants' brief claiming that attorney fees should not be awarded in this matter and arguing that if fees are awarded, such fees demanded by Local Defendants are not reasonable for several reasons, as discussed below. ECF No. 26.

## II.     Analysis of Reasonable Attorney Fees and Costs

The Local Defendants were awarded attorney fees and costs pursuant to Virginia's anti-SLAPP law which provides that "any person who has a suit against him dismissed . . . pursuant to the immunity provided by this section may be awarded reasonable attorney fees and costs." Va. Code. Ann. § 8.01-223.2(B). While an award of attorney fees and costs under the statute is permissive, Chief District Judge Urbanski found that the plaintiffs' "defamation claim against the Local Defendants lacks foundation in law or fact." ECF No. 22 at 18. The narrow issue before the undersigned magistrate judge is to determine a *reasonable* award of attorney fees and costs for Local Defendants.

A.  Legal Standard

In calculating an award of reasonable attorney fees, a court must first "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 243 (4th Cir. 2009). There is a strong presumption that the lodestar calculation is reasonable, but that presumption may be overcome in rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

Courts evaluate the reasonableness of the hours expended and rates sought on fee petitions under the lodestar method using the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), as adopted by *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978). The Fourth Circuit has interpreted the *Johnson* factors to include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *See Robinson*, 560 F.3d at 243–44.

"Some of these factors are considered when setting the lodestar amount, while others apply when adjusting it." *Bressel v. Red Robin International, Inc.*, 2021 WL 3215124, *1 (W.D. Va. July 29, 2021) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)).

B.  Calculating the Lodestar Fee

In this case, the Local Defendants seek an award of attorney fees in the amount of $35,554.50. Plaintiffs challenge Local Defendants' fees on three grounds: (1) it was unnecessary for three principal attorneys from WRVB to work on the case at the early stage of the litigation; (2) the hourly rates for the WRVB attorneys are unreasonable compared to the billing rate applicable to attorneys in the Western District of Virginia who are appointed to represent indigent defendants under the Criminal Justice Act; and (3) there are billing entries for drafting documents that were never filed in this case.[1]

### 1.  Rates

The reasonable hourly rate for purposes of the lodestar figure is commonly the prevailing market rate for comparable services in the community in which the services were rendered. *See Hudson v. Pittsylvania County, Va.*, 2015 WL 3447821, at *3 (W.D. Va. May 28, 2015) (citing *In re Mullins*, 1996 WL 148527, at *3 (W.D. Va. Feb. 12, 1996). The Local Defendants were represented by three principal attorneys from Woods Rogers Vandeventer Black, PLC: Patice Holland, J. Benjamin Rottenborn, and King F. Tower (collectively, "WRVB"). *See* ECF No. 25, p. 3. The Local Defendants are seeking fees for Patice Holland at $430 per hour, J. Benjamin Rottenborn at $435 per hour, and King F. Tower at $495 per hour. *See* ECF No. 25, Ex. 1.

In order to determine what the reasonable rates would be in the Western District of Virginia's market, courts typically review "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Lusk v. Virginia Panel Corp.*, 96 F.Supp.3d 573, 581 (W.D. Va. 2015) (quoting

---

[1] Plaintiffs spend much of their brief arguing that the Court should reconsider its decision to award any attorney fees to Local Defendants. *See* ECF No. 26. The undersigned notes that Plaintiffs did not file a motion to reconsider the Court's decision to grant dismissal or award fees.

*Robinson*, 560 F.3d at 245) (internal citations omitted). "Ultimately, the community in which the court sits will determine the prevailing market rate." *Id*. (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) (internal citations omitted).

The Local Defendants submitted an affidavit from King F. Tower, one of the three principal attorneys working on this case, in support of the rates and total attorney fees charged by counsel for the Local Defendants. *See* ECF No. 25, Ex. 1. Local Defendants did not submit any other evidence to support their contention that their rates are reasonable other than stating "[u]pon information and belief, these are customary rates prevailing in the Roanoke, Virginia community for like work." *See id*. In challenging the reasonableness of Local Defendants' rates, Plaintiffs argue that "this court awards [] attorney fees to skilled defense practitioners defending indigent clients that applies a two (2) tier rate system, being office time and court time at a court approved hourly rate substantially less than the rate quoted by [Local Defendants]." *See* ECF No. 26. Like the Local Defendants, Plaintiffs failed to submit evidence (other than reference to Criminal Justice Act panel rates) relative to "customary" legal fees for "like work." *See Robinson*, 560 F.3d at 244.

Counsel in this case have not provided the typical evidence in support of their argument for legal fees. *See Hudson*, 2013 WL 4520023 at *3 (citing *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987) ("The determination of the reasonable hourly rate is a fact intensive exercise requiring the fee applicant to produce 'specific evidence' of prevailing market rates in the relevant community for similar services in similar circumstances."). The only information provided by Local Defendants is their *own* perspective that *their* rates are reasonable. It is axiomatic that any counsel would claim their own hourly rate is reasonable and justified as they (or their firm) are the chief decisionmaker on what to charge their clients. Further, the statement that "upon information and belief" that their rates are "customary rates prevailing in the Roanoke, Virginia community

for like work," without any other information in support, is not helpful to this Court's determination.[2]

With that being said, counsel for Plaintiffs have not provided much, if any, evidence to challenge the reasonableness of the rates for Local Defendants' counsel. Plaintiffs appear to point to this Court's policy for compensating private attorneys appointed to the Criminal Justice Act ("CJA") panel to represent indigent defendants in criminal matters in the Western District of Virginia. *See* ECF No. 26. Plaintiffs do not cite to any particular rate but insinuate that different hourly rates should have been charged by counsel for Local Defendants based upon whether the work performed was "office time" or "court time." Notably, Plaintiffs attempt to compare the rates for representing a criminal defendant to representing two defendants in a suit alleging defamation per se, assault and endangerment, and negligence. As this Court is tasked with determining the reasonable rate for *similar work* in the community, Plaintiffs' argument is unpersuasive. *See Hudson*, 2013 WL 4520023 at *3.

With a lack of meaningful evidence from the parties regarding the prevailing market rate in the Roanoke, Virginia community for "like work," the Court turns to a review of reasonable fees awarded in other civil cases in the local community.[3] In review of civil cases in the Western District of Virginia, the prevailing hourly rates for large, complex civil matters are roughly $350 for partners. *See Bressel*, 2021 WL 3215124 at *2 (citing cases); *see also James v. Delta Motors, LLC*, 2023 WL 3306551, *8 (W.D. Va. May 8, 2023) ($300 hourly rate for experienced partner).

---

[2] The Court recognizes that Local Defendants had only 14 days to submit their supplemental memorandum in support of their request for attorney fees which may have contributed to their inability to secure affidavits from other counsel in the local community who perform similar work. However, counsel could have filed a motion for an extension of time to provide such supporting evidence, but failed to do so.

[3] The Court is unaware of any decisions in Virginia analyzing an award of reasonable attorney fees under Virginia's anti-SLAPP statute.

Notably, the rate of $350 has been applied in cases much more complex than this one. Although the case involves a claim for defamation, assault/endangerment, and negligence, such matters do not merit the designation of "complex" to warrant the high end of the range of hourly rates in the Western District of Virginia.

Based upon the limited information provided by the parties, fees awarded in civil cases in the Western District of Virginia, and this court's knowledge of the legal billing rates charged in the Roanoke area, the court finds the hourly rates are too high to be reasonable in this matter.[4] Accordingly, the Court finds that an hourly rate of $250 is reasonable for the work performed by King F. Tower and $225 is reasonable for the work performed by Patice Holland and J. Benjamin Rottenborn.[5]

## 2. Hours

Local Defendants seek attorney fees for 76 hours of work billed by WRVB between January 29, 2023 and June 1, 2023. To support their request, WRVB submitted billing charts which list the timekeeper, a brief description of the work performed, the amount of time expended, and the date on which the work was performed. *See* ECF No. 25, Ex. 1-A.

Plaintiffs object to the number of hours claimed by WRVB arguing that certain time entries are for work for which there is no evidence it was ever performed. *See* ECF No. 26. The Court will sustain Plaintiffs' objection on this ground. For example, WRVB billed for drafting demurrers and pleas in bar to the complaint even though the matter was removed from state court to this court. WRVB may claim that such work correlated to the motion to dismiss filed by Local Defendants in this case; however, it is unclear from the evidence submitted that such time was used for that

---

[4] The Court notes that it does not question counsel for Local Defendants' reputations and abilities as attorneys, but such proposed hourly rates are not reasonable for the work performed in this case.

[5] The distinction in hourly rates between these WRVB attorneys is not created by the Court but premised on the firm's own difference in rates, presumably on experience.

purpose. The court agrees with Plaintiffs that they should not be responsible for paying for work that was ultimately found to be unnecessary.

Although Plaintiffs did not object to clerical hours on WRVB's billing entries, the Court is tasked with determining whether the fees sought are reasonable. *See Broyles v. Dir.*, 974 F.2d 508, 510 (4th Cir. 1992). In review of WRVB's billing chart, there are a number of entries for clerical tasks related to scheduling a hearing with this Court. "[C]ourts in this circuit have determined that because purely clerical tasks are ordinarily part of a law office's overhead, (which is covered in the hourly rate), they should not be compensated for at all." *LaMonaca v. Tread Corp.*, 157 F.Supp.3d 507, 521 (W.D. Va. 2016) (quoting *Two Men & a Truck/Int'l, Inc. v. A Mover, Inc.*, 2015 WL 1548987, at *7, 2015 U.S. Dist. LEXIS 45473, at *19 (E.D. Va. Apr. 7, 2015) (citing cases). Collectively, WRVB spent one hour reviewing and communicating with the court to schedule a hearing on their motion to dismiss. These clerical tasks, billed at the hourly rate of a principal attorney, justify a further reduction in the fees awarded to Local Defendants. Accordingly, for the reasons outlined above, the hours will be reduced from 76 to 68.[6]

In Local Defendant's brief, its counsel, WRVB, concedes that they agreed to represent the Local Defendants *pro bono publico*. Def.'s Br. at 3 n3. Local Defendants argue that the calculus for the award of attorney fees is not effected by the pro bono representation relying upon *Brinn v. Tidewater Transp. Dist. Comm'n*, 242 F.3d 227 (4th Cir. 2001) (citations omitted). In *Brinn*, the Fourth Circuit noted that "courts have consistently held that entities providing pro bono representation may receive attorney's fees where appropriate, even though they did not expect payment from the client and, in some cases, received public funding." *Brinn*, 242 F.3d at 234–35.

---

[6] Holland's hours are reduced from 18.8 to 11.3. Rottenborn's hours remain at 13.3. Tower's hours are reduced from 43.2 to 43.

Local Defendants are correct that they may recover attorney fees irrespective of their counsel representing them in this matter on a pro bono basis. *See Coward v. Robinson*, 2017 WL 5195868, at *3 (E.D. Va. Nov. 9, 2017) (quoting *Brinn*, 242 F.3d at 234–35) ("[T]he Fourth Circuit has recognized that 'entities providing pro bono representation may receive attorney's fees…'"); *see also Blum v. Stenson*, 465 U.S. 886, 893 (1984) (award of attorneys' fees under the Civil Rights Attorney's Fees Awards Act of 1976 after a successful civil rights action should not vary depending on whether the prevailing party was represented by private counsel or on a pro bono basis); *Caner v. Autry*, 2014 WL 2967607, *25 (W.D. Va. July 1, 2014) (citing cases) (denying a decrease in attorney fees due to counsel's pro bono representation).

Although it is appropriate to award attorney fees in a matter where counsel did not expect to receive compensation, the Court is skeptical that three highly experienced principal attorneys would be staffed on this type of case if it were not due to WRVB's pro bono representation. Further, Plaintiffs object to the number of principal attorneys who worked on this case, especially at such early stages of the litigation. WRVB's defense of this case mainly involved drafting and filing a motion to dismiss and arguing the motion before the Court. The Court finds that staffing three principal attorneys to defend this case at such an early stage of the litigation created unnecessary and duplicative work. *See Goodwin v. Metts*, 973 F.2d 378, 383–84 (4th Cir. 1992) (fees cut in half because firm used several attorneys when one or two would have sufficed); *see also Trimper v. City of Norfolk*, 58 F.3d 68, 76–77 (4th Cir. 1995) ("Properly reducing allowable hours because of overstaffing … falls soundly within the district court's proper discretion in determining an attorney's fee award."). The Supreme Court has said that counsel is expected to exercise "'billing judgment,'" and that district courts should exclude from the lodestar amount

"excessive, redundant, or otherwise unnecessary" work. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).

In review of the billing entries, the Court finds the division of responsibility between counsel was unreasonable. Specifically, all three experienced, principal attorneys worked on the motion to dismiss involving uncomplicated Virginia claims. Further, the billing entries do not delineate between time worked on the defamation count subject to Virginia's Anti-SLAPP statute versus the assault/endangerment and negligence counts. In such circumstances where a court is unable to find that each and every hour billed is reasonable, "courts must exercise sound judgment based on knowledge of the case and litigation experience to reduce the number of hours by an appropriate percentage." *LaMonaca*, 157 F.Supp.3d at 521 (quoting *In re Outsidewall Tire Litig.*, 52 F.Supp.3d 777, 789 (E.D. Va. 2014) (collecting cases)). Accordingly, due to the overstaffing of principal attorneys, as well as the limited, noncomplex work necessary to receive a final judgment of dismissal so early in the case, the Court will discount the number of hours billed by each attorney by 60%.[7]

C.  Total Fee Award

In applying the lodestar analysis set forth above, the lodestar calculation yields the following amount of attorney fees in this matter: $6,514.[8]

---

[7] The Court further reduced the number of hours as follows:

| | |
|---|---|
| Tower: | 43 x .40 = 17.2 |
| Rottenborn: | 13.3 x .40 = 5.32 |
| Holland: | 11.3 x .40 = 4.52 |

[8] The Court calculated the attorney fees award as follows:

| | |
|---|---|
| Tower: | 250 x 17.2 = 4,300 |
| Rottenborn: | 225 x 5.32 = 1,197 |
| Holland: | 225 x 4.52 = 1,017 |
| Total Fee Award = $6,514 | |

## III.    Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge award

Local Defendants the reasonable attorney fees of $6,514.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and
Recommendation], any party may serve and file written objections to such
proposed findings and recommendations as provided by rules of court. A judge of
the court shall make a de novo determination of those portions of the report or
specified proposed findings or recommendations to which objection is made. A
judge of the court may accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge. The judge may also receive further
evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations

within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is

directed to transmit the record in this matter to the presiding District Judge.

The Clerk shall serve certified copies of this Report and Recommendation on all counsel

of record.

Entered:  January 24, 2024


C. Kailani Memmer
United States Magistrate Judge